[Cite as *In re M.F.*, 2016-Ohio-2685.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: M.F., H.F., and S.F.

C.A. No.   15CA010823

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS,
JUVENILE DIVISION
COUNTY OF LORAIN, OHIO
CASE Nos.   14JC42524, 14JC42525,
and 14JC42526

DECISION AND JOURNAL ENTRY

Dated: April 25, 2016

CANNON, Judge.

{¶1}   Appellant, Tracey Flowers ("Mother"), appeals the decision of the Lorain County Court of Common Pleas, Juvenile Division, granting legal custody to Paul Fairchild ("Father") of their three minor children: M.F. (dob 05/18/2003); H.F. (dob 03/14/2004); and S.F. (dob 01/02/2006). For the following reasons, we affirm the decision of the juvenile court.

I.

{¶2}   The minor children were previously adjudicated Neglected and Dependent on August 21, 2014, and protective supervision was granted to appellee, Lorain County Children Services ("LCCS"). Father filed a motion for legal custody of the three children. A hearing was held on October 29, 2014. Emergency temporary custody was granted to LCCS on November 11, 2014, and temporary custody was granted to Father the next day. On January 13, 2015, the hearing resumed on Father's motion and on LCCS' motion for further dispositional orders. A magistrate's decision was issued on January 22, 2015, finding by a preponderance of the

evidence that the best interest of the children warranted the grant of legal custody to Father with protective supervision granted to LCCS. The trial court adopted the magistrate's decision on the same day and granted legal custody to Father. Mother filed objections to the magistrate's decision, which were overruled by the trial court on July 6, 2015. It is from this entry that Mother now appeals.

{¶3} Mother asserts one (amended) assignment of error for our review.

II.

**Assignment of Error**

**The trial court's decision was against the manifest weight of the evidence when applying O.R.C. 2151.414(D)(1) and 2151.415.**

{¶4} Mother argues the decision to grant legal custody of the three minor children to Father was against the manifest weight of the evidence.

{¶5} Granting legal custody to a relative does not terminate parental rights; rather, "'residual parental rights, privileges, and responsibilities'" remain intact. *In re N.P.*, 9th Dist. Summit No. 21707, 2004-Ohio-110, ¶23, quoting R.C. 2151.011(B)(21) and citing *In re Shepherd*, 4th Dist. Highland No. 00CA12, 2001 Ohio App. LEXIS 3151, *20 (Mar. 26, 2001). "Although there is no specific test or set of criteria set forth in the statutory scheme, courts agree that the trial court must base its decision on the best interest of the child." *Id.*, citing *In re Fulton*, 12th Dist. Butler No. CA2002-09-236, 2003-Ohio-5984, ¶11. "'[T]he factors listed in R.C. 2151.414 provide guidance in determining whether a grant of legal custody is in the best interest of the child.'" *In re B.C.*, 9th Dist. Summit Nos. 26976 & 26977, 2014-Ohio-2748, ¶16, quoting *In re T.A.*, 9th Dist. Summit No. 22954, 2006-Ohio-4468, ¶17.

{¶6} R.C. 2151.414(D)(1) provides, "[i]n determining the best interest of a

child * * * the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of [legal custody to the relative];

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

The factors listed in divisions (E)(7) to (11) of this section refer to the parent pleading guilty to certain enumerated offenses; withholding medical treatment or food; placing the child at substantial risk of harm due to alcohol or drug abuse; abandoning the child; and having his or her parental rights involuntarily terminated with respect to a sibling of the child. *See* R.C. 2151.414(E).

{¶7} On appeal, an award of legal custody will not be reversed if the judgment is supported by a preponderance of the evidence. *In re Nice*, 141 Ohio App.3d 445, 455 (7th Dist.2001); *In re S.A.*, 11th Dist. Trumbull Nos. 2011-T-0098, etc., 2012-Ohio-2006, ¶25; *In re S.D.*, 5th Dist. Stark Nos. 2013CA0081 & 2013CA0082, 2013-Ohio-5752, ¶32; *In re A.C.*, 12th

Dist. Clermont No. CA2006-12-105, 2007-Ohio-3350, ¶14.  "Preponderance of the evidence entails the 'greater weight of the evidence,' evidence that is more probable, persuasive, and possesses greater probative value."  *Davis v. KB Compost Servs.*, 9th Dist. Summit No. 21186, 2002-Ohio-7000, ¶10, quoting *State v. Williams*, 5th Dist. Knox No. 01 CA 24, 2002-Ohio-4267, ¶13.  In other words, when the best interest of a child is established by the greater weight of the evidence, the trial court does not have discretion to enter a judgment that is adverse to that interest.  Thus, our standard of review is whether a legal custody decision is against the manifest weight of the evidence.  The Ohio Supreme Court has clarified that this standard of review is the same in all cases—criminal, civil, or juvenile—alike.  *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶17-23.

{¶8}  "[E]vidential weight concerns the inclination of the greater amount of credible evidence, offered at trial, to support one side of the issue rather than the other.  * * *  If, on weighing the evidence, the trier of fact finds the greater amount of credible evidence sustains the issue that a party seeks to establish, that party will be entitled to its verdict."  *In re G.J.D.*, 11th Dist. Geauga No. 2009-G-2913, 2010-Ohio-2677, ¶71, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997); *see also In re J.C.*, 9th Dist. Summit Nos. 26229 & 26233, 2012-Ohio-3144, ¶19.  "Accordingly, before an appellate court will reverse a judgment as being against the manifest weight of the evidence in this context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice."  *In re I.K.*, 9th Dist. Summit No. 22424, 2005-Ohio-1634, ¶16, citing *Thompkins*, *supra*, at 387.

{¶9}  Appellant initially framed her assignment of error under R.C. 3109.04(F)(1), which provides for the allocation of parental rights in a divorce or other

legal separation. Appellant later filed an amendment to her brief, stating the assignment of error should have been framed under R.C. 2151.414(D)(1) and that the amendment does not affect her argument. We note, however, that the factors to be considered by the trial court under these two statutes are different and render some of her arguments irrelevant (e.g., whether either parent has failed to make child support payments). Although we are not permitted to make appellant's arguments for her on appeal, her underlying argument is that the trial court's decision is against the manifest weight of the evidence because Father did not prove it was in the best interest of the children for him to gain legal custody. In its brief on appeal, appellee has responded under the correct statute; we thus proceed to a review of the record.

{¶10} The following factual findings, which are supported by the record, sustain the trial court's decision to grant legal custody to Father: Between 2008 and 2014, while the minor children were in Mother's custody, LCCS received seven referrals regarding the children. In 2008, the children were adjudicated Neglected and Dependent for the first time, and LCCS obtained protective supervision. There were bed bugs in the home, evidenced by bugs and bites found on the children at school, and Mother and Maternal Aunt (who also lives in the home) were reluctant to address the issue. There were numerous reports of inappropriate physical discipline by Mother and Maternal Aunt, and LCCS has concerns regarding Mother's physical discipline and emotional abuse. Mother was unable to meet the medical needs of the children until LCCS intervened. For example, S.F. has a serious facial deformity, and Mother was not following through with necessary yearly medical appointments. Also, H.F. has issues with encopresis and was not getting appropriate care. It was reported that Mother hit H.F. on the head and badgered him regarding his encopresis. While in Father's care, on the other hand, H.F. had not had any issues with his encopresis. H.F. and S.F. often do not have their prescribed glasses.

It was reported that Mother had inappropriate discussions with H.F. regarding the custody hearings, which caused him to become upset and unable to function at school. M.F. was also displaying inappropriate behaviors for which LCCS facilitated counseling. Finally, Mother has not made much case plan progress since LCCS involvement, while Father has made case plan progress and has increased his involvement with the children's medical appointments.

{¶11} While the evidence with regard to Father could have been more detailed, Father has demonstrated the ability to meet the children's basic and safety needs. The award of legal custody to him appears to be, as much as anything, a reflection on the shortcomings of Mother's parenting skills. We find the greater weight of the evidence supports the trial court's decision to grant legal custody to Father. The trial court did not lose its way or create a manifest miscarriage of justice.

{¶12} Appellant's assignment of error is without merit.

### III.

{¶13} For the foregoing reasons, the judgment of the Lorain County Court of Common Pleas, Juvenile Division, is hereby affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, Juvenile Division, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

TIMOTHY P. CANNON
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR

(CANNON, J., of the Eleventh District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

BARBARA A. WEBBER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and CARA M. FINNEGAN, Assistant Prosecuting Attorney, for Appellee.