[Cite as *In re T.R.*, 2018-Ohio-1144.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|  | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) |  |

IN RE: T.R.

C.A. No. 28619

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. DN 16-06-0485

DECISION AND JOURNAL ENTRY

Dated: March 28, 2018

SCHAFER, Presiding Judge.

{¶1} Appellant, R.R. ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed his minor child in the legal custody of the child's mother, S.B. ("Mother"). Because the trial court's legal custody decision was not supported by a preponderance of the evidence about the best interest of the child, this Court reverses and remands for a new hearing.

I.

{¶2} Father and Mother are the biological parents of T.R., born April 8, 2015. Although Mother has four older children, T.R. is the only child at issue in this appeal. At the time this case began, T.R. lived with Mother, who did not reside with Father. T.R. was removed from Mother's custody pursuant to Juv.R. 6 when Mother was pulled over for a traffic stop and was arrested on an outstanding felony warrant. Mother was then involved in drug treatment in

lieu of conviction on criminal charges of identity fraud and misuse of a credit card, but she had not complied with court-ordered treatment.

{¶3}    CSB filed a complaint to allege that T.R. was a dependent child because Mother admitted that she had struggled with opiate addiction and associated criminal activity for several years and that one of her older children was born with drugs in her system. CSB further alleged that three of Mother's older children were in the custody of their fathers because of Mother's unresolved opiate addiction. CSB was not prepared to place the child with Father because he was "an alleged perpetrator of past substantiated sexual abuse."

{¶4}    T.R. was later adjudicated dependent and placed in the temporary custody of CSB. The case plan required that Mother resolve her drug abuse and criminal problems. During the next several months, according to the limited evidence in the record, Mother consistently engaged in drug treatment, achieved ongoing medically-assisted sobriety, and resolved her criminal issues.

{¶5}    Because of the allegations that Father had been a sexual perpetrator and his own admission that he had been diagnosed with "chronic depression and manic depression[,]" the primary case plan requirement for Father was that he obtain a psychological or psychiatric evaluation and follow any treatment recommendations. Despite reminders from the caseworker and the guardian ad litem, Father did not obtain a mental health evaluation. For reasons not clear from the record, however, CSB later placed T.R. in Father's home, but the child remained in the temporary custody of CSB.

{¶6}    The case ultimately went to a final dispositional hearing on competing motions for legal custody filed by Father and Mother. CSB supported Father's motion, but the guardian ad litem supported Mother because Father had not complied with the case plan, but Mother had.

{¶7} The magistrate decided that T.R. should be returned to the legal custody of Mother. Father filed objections to the magistrate's decision, asserting that the legal custody decision was not supported by the evidence presented at the hearing. The trial court later overruled Father's objections and placed T.R. in the legal custody of Mother. Father appeals and raises four assignments of error. Three of his assigned error will be consolidated for ease of review.

{¶8} Before reaching the merits of Father's assignments of error, this Court addresses his motion to supplement the record on appeal with evidence that predated the adjudication of the child. Because that evidence was not considered by the trial court in overruling Father's objections and adopting the magistrate's legal custody decision, it will not be considered by this Court on appeal. This Court necessarily confines its review to the record on appeal. *In re G.D.*, 9th Dist. Summit No. 27337, 2014-Ohio-3476, ¶ 4.

I.

## ASSIGNMENT OF ERROR I

**The trial court erred and denied [Father] due process of law through its ruling on the objections to the magistrate's decision terminating [Father's] [physical] custody of his minor son in favor of [Mother] [based on evidence that was not presented at the hearing.]**

## ASSIGNMENT OF ERROR III

**The trial court's reversal of the award of [T.R.'s] [physical] custody from [Father] is against the manifest weight of the evidence.**

## ASSIGNMENT OF ERROR IV

**The trial court's reversal of the award of [T.R.'s] [physical] custody from [Father] is based on insufficient evidence.**

{¶9} Through his first, third, and fourth assignments of error, Father challenges the merits of the trial court's legal custody decision. The final dispositional hearing considered the

competing motions for legal custody filed by Father and Mother. CSB supported Father's legal custody motion because T.R. had been living with him for several months and seemed to be doing well there. The guardian ad litem supported Mother's motion because she had complied with the case plan requirement that she achieve ongoing sobriety and remedy her criminal problems but Father had not complied with the mental health component of the case plan. This Court has repeatedly stressed that "evidence of case plan compliance may be relevant to the trial court's best interest determination, but it is not dispositive." *In re G.A.*, 9th Dist. Summit Nos. 28664, 28665, 2017-Ohio-8561, ¶ 13, citing *In re J.J.*, 9th Dist. Summit No. 22236, 2004-Ohio-6538, ¶ 8.

{¶10} "Following an adjudication of neglect, dependency, or abuse, the juvenile court's determination of whether to place a child in the legal custody of a parent or a relative is based solely on the best interest of the child." *See In re K.H.*, 9th Dist. Summit No. 27952, 2016-Ohio-1330, ¶ 12. "Although there is no specific test or set of criteria set forth in the statutory scheme, courts agree that the trial court must base its decision on the best interest of the child." *In re N.P.*, 9th Dist. Summit No. 21707, 2004-Ohio-110, ¶ 23, citing *In re Fulton*, 12th Dist. Butler No. CA2002-09-236, 2003-Ohio-5984, ¶ 11.

{¶11} The juvenile court is guided by the best interest factors set forth in R.C. 2151.414(D) relating to permanent custody. *In re B.G.*, 9th Dist. Summit No. 24187, 2008-Ohio-5003, ¶ 9, citing *In re T.A.*, 9th Dist. Summit No. 22954, 2006-Ohio-4468, ¶ 17. Those factors include the interaction and interrelationships of the child, the child's wishes, the custodial history of the child, and the child's need for permanence. *Id*. at ¶ 10. The juvenile court may also look to the best interest factors in R.C. 3109.04(F)(1) for guidance. *In re K.A.*, 9th Dist. Lorain Nos. 15CA010850, 15CA010860, 2017-Ohio-1, ¶ 17. Of relevance here, those additional

factors include the child's adjustment to his environment and the mental and physical health of all persons involved. *See* R.C. 3109.04(F)(1).

{¶12} Each parent was seeking legal custody of T.R. and, therefore, had the burden to demonstrate to the trial court that such a permanent placement was in the child's best interest. *In re M.P.*, 9th Dist. Summit No. 25222, 2010-Ohio-3701, ¶ 6. A legal custody judgment will not be reversed on appeal if it was supported by a preponderance of the evidence. *In re M.F.*, 9th Dist. Lorain No. 15CA010823, 2016-Ohio-2685, ¶ 7.

{¶13} Although the preponderance standard is a lesser burden than the clear and convincing standard, it nevertheless requires sufficient credible evidence to persuade the trier of fact. "Preponderance of the evidence entails the 'greater weight of the evidence,' evidence that is more probable, persuasive, and possesses greater probative value." *Id.* A "preponderance" of evidence is "that measure of proof that convinces the judge or jury that the existence of the fact sought to be proved is more likely than its nonexistence." *State ex rel. Doner v. Zody*, 130 Ohio St. 3d 446, 2011-Ohio-6117, ¶ 54.

{¶14} A review of the record reveals that neither parent supported their legal custody motion with sufficient evidence to persuade the trier of fact that it was in the best interest of T.R. to be permanently placed with them. The trial court was required to consider all of the best interest factors, but its consideration of those factors was necessarily limited to the evidence presented by the parties. Because the parties presented so little evidence on the best interest factors, it would have been impossible for the trial court to adequately consider the child's best interest. *See, e.g., In re A.W.*, 9th Dist. Lorain No. 09CA009631, 2010-Ohio-817, ¶ 13; *In re A.D.*, 9th Dist. Lorain No. 02CA008090, 2002-Ohio-6032, ¶ 17 (both decisions reversing

permanent custody judgments because the agency failed to present sufficient evidence about the best interest of the children).

{¶15} For example, the first best interest factor required the trial court to consider "[t]he interaction and interrelationship of the child with the child's parents, siblings, relatives, * * * and any other person who may significantly affect the child." R.C. 2151.414(D)(1)(a). The trial court was also required to consider the child's custodial history and his adjustment to his environment. The only evidence on these factors was brief, conclusory testimony that T.R. was bonded with both parents and interacted well with them. The parties presented no evidence to explain how the child interacted with either parent or why the witnesses had concluded that there was a bond. The trial court heard no evidence about T.R.'s past or current day-to-day relationship with either parent.

{¶16} There was also no evidence presented about T.R.'s relationship with his siblings. One older sibling lived with Mother and there was brief testimony that T.R. is bonded with that child. There was no evidence regarding the three other siblings, however, and whether T.R. has or ever has had a relationship with any of them. In fact, the evidence in this case tended to raise more questions about this family than it answered.

{¶17} Given that the adjudication in this case hinged on Mother's drug problems and Father's alleged mental health problems, the parties should have presented detailed evidence about the current mental health of both parents. *See* R.C. 3109.04(F)(1)(e). Nevertheless, neither parent presented much evidence about the past or current status of those obstacles to their parenting ability. There was brief testimony that Mother had agreed to surrender custody of three of her older children to their fathers because she was in a drug treatment facility, but there was no explanation of when or how that surrender occurred, how long Mother had struggled with

a drug problem, or how long she had been sober. Notably, there is no evidence in the record from any drug treatment or drug testing providers or her probation officer.

{¶18} The record similarly lacked evidence about Father's current mental health status. The complaint alleged that Father had a past history as the perpetrator of sex abuse, but those allegations were not explained at the hearing. Father also admitted to the caseworker at the beginning of the case that he had a history of mental health problems, so a mental health component was included in the case plan. Although the caseworker was not concerned that Father did not complete the assessment because she had observed no erratic or unusual behavior by him, she was not a mental health professional. More significantly, CSB never amended the case plan to remove the mental health component for Father. "The procedures for the creation and amendment of a case plan are statutorily mandated." *In re S.D.-M.*, 9th Dist. Summit Nos. 27148, 27149, 2014-Ohio-1501, ¶ 26, citing R.C. 2151.412. The journalized case plan legally bound all parties to its terms. *Id.*, citing R.C. 2151.412(F)(1). CSB lacked the authority to implicitly remove such a significant component of the case plan without following the required procedure. *See id.* at ¶ 26-27.

{¶19} At the end of the hearing, the magistrate was left with very little evidence about this family. Because neither parent presented sufficient evidence to establish, by a preponderance of the evidence, that legal custody was in T.R.'s best interest, this case must be reversed and remanded for a new evidentiary hearing. Father's first, third, and fourth assignments of error are sustained insofar as they assert that the trial court's legal custody decision was not supported by the evidence that was presented at the hearing.

## ASSIGNMENT OF ERROR II

**The trial court's omission of a reasonable efforts determination constitutes prejudicial and reversible error as a matter of law.**

{¶20} Finally, Father argues that the trial court failed to comply with the requirements of R.C. 2151.419 because its final judgment did not include a finding that CSB had made reasonable efforts to return T.R. to the home. Because this Court has reversed the trial court's dispositional judgment, this assigned error has been rendered moot and will not be addressed. App.R.12(A)(1)(c).

### III.

{¶21} Father's first, third, and fourth assignments of error are sustained, insofar as the trial court had insufficient evidence to make a determination about the best interest of the child. This Court does not address his second assignment of error because it is moot. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed and
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT


CARR, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

RUSSELL A. BUZZELLI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.

THOMAS LOEPP, Attorney at Law, for Appellee.

JOSEPH M. KERNAN, Guardian ad Litem.