[Cite as *In re A.M.*, 2019-Ohio-5221.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: A.M.

C.A. No.     29388

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 17-06-0464

DECISION AND JOURNAL ENTRY

Dated: December 18, 2019

HENSAL, Judge.

{¶1} Appellant, J.M. ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed his minor child in the legal custody of a long-time family friend, M.P. This Court affirms.

I.

{¶2} Father is the biological father of A.M., born August 28, 2009. The child's mother ("Mother") did not appeal the trial court's judgment.

{¶3} At the time this case began, A.M. was residing with Mother, maternal grandparents, and two older half-siblings who are not Father's children. During May 2017, Summit County Children Services Board ("CSB") received a referral that one of the older half-siblings disclosed during a visit with her father that Mother abused drugs and mistreated her. That child further reported that she had repeatedly attempted suicide while living with Mother and that she would kill herself if she had to return to Mother's home.

{¶4} CSB filed complaints regarding all three children, but A.M. is the only child who is a party to this appeal. CSB's complaint pertaining to A.M. alleged that she was a dependent child because of Mother's ongoing drug use, inappropriate behavior toward her children, and abuse of one of the older children. A.M. was later adjudicated a dependent child and placed in the temporary custody of CSB.

{¶5} Mother requested that the three children be placed in the home of M.P., a family friend. After M.P. was approved as a kinship placement, A.M. and her older half-siblings resided in her home throughout this case.

{¶6} During this case, Mother made little progress on the reunification goals of the case plan, but Father expressed an interest in custody of A.M. Because Father had a minimal parent-child relationship with then seven-year-old A.M., he was required to develop a relationship with her and demonstrate that he could provide her with a suitable home. Father's visits with A.M. were initially supervised at the visitation center. Over the course of the case, however, his visits were expanded to unsupervised, overnight visits in his home.

{¶7} Father eventually moved for legal custody of A.M. CSB later filed its own motion and an amended motion, requesting that A.M. be placed in the legal custody of Father, under an order of protective supervision by CSB. Because the fathers of A.M.'s half-siblings had not complied with the requirements of the case plan, CSB moved for M.P. to have legal custody of those two children. A.M., who was represented by counsel, later filed a motion to be placed in the legal custody of M.P. along with her two half-siblings.

{¶8} The matter ultimately proceeded to a hearing before a magistrate on the competing dispositional motions regarding all three siblings. The magistrate decided that A.M. and her half-siblings should be placed in the legal custody of M.P. Father filed objections to the

magistrate's decision regarding A.M., which were later overruled by the trial court. The trial court placed A.M. in the legal custody of M.P. and granted Father parenting time with the child as agreed by the parties and A.M.'s counselor. Father appeals and raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT'S DECISION DENYING BOTH FATHER'S MOTION FOR LEGAL CUSTODY AND [CSB'S] MOTION FOR LEGAL CUSTODY TO FATHER AND AWARDING LEGAL CUSTODY OF [A.M.] TO A NON-RELATIVE FAMILY FRIEND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE; CONTRARY TO LAW; CONSTITUTED AN ABUSE OF DISCRETION AND/OR WAS NOT IN THE BEST INTEREST OF THE CHILD.

{¶9} Father's sole assignment of error is that the trial court's legal custody decision was not supported by the evidence presented at the hearing. "Following an adjudication of neglect, dependency, or abuse, the juvenile court's determination of whether to place a child in the legal custody of a parent or a relative is based solely on the best interest of the child." *See In re K.H.*, 9th Dist. Summit No. 27952, 2016-Ohio-1330, ¶ 12. "Although there is no specific test or set of criteria set forth in the statutory scheme, courts agree that the trial court must base its decision [regarding legal custody] on the best interest of the child." *In re N.P.*, 9th Dist. Summit No. 21707, 2004-Ohio-110, ¶ 23, citing *In re Fulton*, 12th Dist. Butler No. CA2002-09-236, 2003-Ohio-5984, ¶ 11.

{¶10} A trial court's best interest determination in a legal custody case will not be reversed on appeal if the judgment is supported by a preponderance of the evidence. *In re M.F.*, 9th Dist. Lorain No. 15CA010823, 2016-Ohio-2685, ¶ 7. Thus, our standard of review is whether a legal custody decision is against the manifest weight of the evidence. *Id.*

{¶11} In considering whether the juvenile court's judgment is against the manifest weight of the evidence, this Court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new [hearing] ordered." (Internal quotations omitted.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20. When weighing the evidence, this Court "must always be mindful of the presumption in favor of the finder of fact." *Id*. at ¶ 21.

{¶12} The juvenile court is guided by the best interest factors set forth in R.C. 2151.414(D) relating to permanent custody. *In re B.G.*, 9th Dist. Summit No. 24187, 2008-Ohio-5003, ¶ 9, citing *In re T.A.*, 9th Dist. Summit No. 22954, 2006-Ohio-4468, ¶ 17. Those factors include the interaction and interrelationships of the child with her parents, siblings, and other significant people in the child's life; the child's wishes; the custodial history of the child; and the child's need for permanence. The juvenile court may also look to the best interest factors in R.C. 3109.04(F)(1) for guidance. *In re K.A.*, 9th Dist. Lorain Nos. 15CA010850, 15CA010860, 2017-Ohio-1, ¶ 17. Of relevance here, an additional factor set forth in R.C. 3109.04(F)(1) is the child's adjustment to her home, school, and community. R.C. 3109.04(F)(1)(d).

{¶13} Father has argued that he complied with all aspects of the case plan and, for that reason, A.M. should be placed with him. This Court has repeatedly stressed, however, that "evidence of case plan compliance may be relevant to the trial court's best interest determination, but it is not dispositive." *In re G.A.*, 9th Dist. Summit Nos. 28664, 28665, 2017-Ohio-8561, ¶ 13, citing *In re J.J.*, 9th Dist. Summit No. 22236, 2004-Ohio-6538, ¶ 8.

{¶14} The trial court recognized that either Father or M.P. could provide A.M. with an appropriate home but that it was tasked with deciding which permanent placement would be *best* for the child. Several of the best interest factors supported both Father and M.P., as each was bonded to A.M. and had the ability to provide her with a suitable home. The trial court focused on some specific factors, however, that weighed in favor of keeping A.M. in the home of M.P.: the child's interaction and interrelationship with her siblings; her expressed wishes; and her adjustment to home, school, and community.

{¶15} At the time of the hearing, A.M. had developed a bond with both Father and M.P. during this case. Although Father is A.M.'s biological father, he had little involvement with A.M. during the first seven years of her life. Moreover, the trial court was also required to weigh A.M.'s relationship and bond with her biological half-siblings, who had been placed in the legal custody of M.P. *See id*. at ¶ 11. A.M. had been living with her older siblings for her entire nine-year life. A.M. was closely bonded with her older siblings. Her counselor testified that A.M.'s siblings have always been a source of stability for her.

{¶16} A.M., whom the former guardian ad litem believed was mature enough to express her own wishes, expressed her desire to remain in the home of M.P., along with her older siblings. M.P. was awarded legal custody of the older siblings, so A.M. could achieve a permanent and stable home with them.

{¶17} The trial court also considered that A.M. had adjusted to her home, school, and community while living with M.P. during the 15 months prior to the hearing. M.P. reads to A.M. every night and helps her with her homework. A.M.'s academic performance improved significantly while living in her home. If the trial court placed A.M. in the legal custody of Father, it would require A.M. to change her home and school and to live separately from her

sisters. The caseworker testified that A.M. does not adapt well to change and that moving her from M.P.'s home would "be a tough transition for [A.M.]."

{¶18} A.M. and her siblings had been in counseling during this case to address the trauma that they had experienced while living with Mother. According to A.M.'s counselor, A.M. had made progress in counseling but will need continued counseling into the future. M.P. testified that she was committed to continuing the children in counseling.

{¶19} Given the evidence before the trial court, this Court cannot conclude that it lost it way in concluding that legal custody to M.P. was in the best interest of A.M. Father's assignment of error is overruled.

III.

{¶20} Father's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JAMES REED, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.

SHUBHRA N. AGARWAL, Attorney at Law, for Appellee.

MICHELLE TOMER, Attorney at Law, for Appellee.

BENJAMIN AYERS, Guardian ad Litem.