**[Cite as *In re H.P.*, 2021-Ohio-4446.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re H.P.

Court of Appeals No.  L-21-1090

Trial Court No.  JC 16255015

**<u>DECISION AND JUDGMENT</u>**

Decided:  December 17, 2021

* * * * *

Christopher S. Clark, for appellant.

* * * * *

**MAYLE, J.**

## I.      Introduction

**{¶ 1}** H.P., the father and appellant herein, appeals a May 10, 2021 judgment by the Lucas County Court of Common Please, Juvenile Division that denied his request for parenting time.  As set forth below, we affirm.

## II.      Background

{¶ 2} This case originated with the filing of a complaint in dependency and neglect by Lucas County Children's Services on April 25, 2016.  After months of case-planning with both parents, the juvenile court awarded legal custody of H.P., Junior (d.o.b. 07/27/2010 and hereinafter referred to as "H.P. Jr.") to his maternal aunt and uncle, H.F. and A.F.  The court ordered parenting time for mother "by agreement of the parties."  With regard to father's parenting time, the order provided as follows:

> Father has [mental health] issues that interfere with his parenting of
> child.  He says he attends Zepf, but has failed to sign releases to prove he is
> receiving treatment.  He has not had visitation with child for over a year. *
> * * Due to father's current [mental health] status, no parenting time order
> will issue at this time.  Should father in the future wish to establish
> parenting time, he will need to file a proper motion with this court that
> includes documentation from his [mental health] therapist that his [mental
> health] issues are addressed and have been stabilized for at least 6 months."
> (Nov. 13, 2017 J.E.).

{¶ 3} At issue in this appeal is father's November 9, 2020, "Motion to Modify Parental Rights and Responsibilities," filed pro se.  In response to the motion, a magistrate ordered father to undergo a urine screen and a home study, to be completed by LCCS.

2.

{¶ 4} A home study could not be conducted because, according to LCCS, father failed the urine screen (alcohol and diluted creatinine) and because father continued to refuse treatment, despite "a history of significant and severe mental health diagnosis."

{¶ 5} Following an evidentiary hearing before a magistrate, father's motion was denied. Father filed objections and requested that the trial court order his son, H.P. Jr., be seen by father's psychiatrist. The trial court adopted the magistrate's decision and denied father's objections on May 10, 2021.

{¶ 6} Through counsel, father appealed and assigns a single assignment of error for our review. No other parties entered an appearance in this matter or filed a brief.

> The trial court abused its discretion in denying appellant's motion to modify parental rights and responsibilities as the court's decision is against the manifest weight of the evidence, as visitation is in the best interest of the child.

### III.    Law and Analysis

{¶ 7} As an initial matter, we note that father's motion appears to have been incorrectly styled, in that father was *not* seeking to change a shared parenting plan or to change the designation of the sole residential parent and legal custodian. Rather, father sought to modify the trial court's previous order that denied him parenting time. Indeed, father testified at hearing that he "just want[ed] visitation so [he] can spend time with

3.

[his] son." Accordingly, we interpret father's request as a motion to modify parenting time. *Accord In re X.L.,* 5th Dist. Licking No. 13CA6, 2013-Ohio-2421, ¶ 11.

{¶ 8} When considering a motion for parental visitation, following an adjudication of dependency under R.C. 2151.353, the juvenile court is required to focus "solely" on the best interest of the child. *In re N.F.,* 9th Dist. Summit No. No. 29508, 2020-Ohio-2701, ¶ 20; *see also In re J.S.,* 11th Dist. Lake No. 2011-L-162, 2012-Ohio-4461. In *In re J.S.,* the court rejected the legal custodian's argument that a parent seeking visitation must demonstrate that a "change of circumstances" had occurred. *Id.* at ¶ 32; *accord In re X.L.* at ¶ 12-13 (Trial court commits reversible error by requiring a parent to show a change in circumstances).

{¶ 9} The best interest factors set forth in R.C. 3109.051 ("Parenting time rights") apply in these cases. *In re N.F.* at ¶ 23.[1] The statute provides, in part,

> (A) If a divorce, dissolution, legal separation, or annulment proceeding involves a child and if the court has not issued a shared parenting decree, the court * * * shall make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time with the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best

---

[1] In his brief, father cites R.C. 3109.04(B)(1), which also contains a "best interest of the child" standard. But, R.C. 3109.04 applies to the issue of *legal custody* following an adjudication of abuse, neglect or dependency," not parenting time. *In re N.F.* at ¶ 22 citing *In re A.M.,* 9th Dist. Summit No. 29388, 2019-Ohio-5221, ¶ 12.

4.

interest of the child to permit that parent to have parenting time with the child and includes in the journal its findings of fact and conclusions of law.

{¶ 10} Although R.C. 3109.051 does not refer to parenting time in proceedings involving an abused, neglected, or dependent child, "there is no statute that does." *In re N.F.* at ¶ 23. Moreover, R.C. 3109.051 is "the only statute pertaining to parenting time and has been applied in similar situations to the one before us on appeal." *Id.* Thus, pursuant to R.C. 3109.051(D), the juvenile court was required to consider the following best interest factors:

(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;

(2) The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;

(3) The child's and parent' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parent' holiday and vacation schedule;

(4) The age of the child;

(5) The child's adjustment to home, school, and community;

(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;

(7) The health and safety of the child;

(8) The amount of time that will be available for the child to spend with siblings;

(9) The mental and physical health of all parties;

(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;

(11) In relation to parenting time, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an

abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to

believe that the person has acted in a manner resulting in a child being an abused child or a neglected child;

(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(14) Whether either parent has established a residence or is planning to establish a residence outside this state;

(15) In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court;

(16) Any other factor in the best interest of the child.

{¶ 11} We now turn to the juvenile court's judgment that overruled father's objections and adopted the magistrate's decision to deny his request for parenting time. Pursuant to Juv.R. 40(D)(4)(d), if timely objections to a magistrate's decision are filed, the juvenile court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." We review a trial court's decision with respect to visitation under an abuse of discretion standard. *In re J.S.* at ¶ 19. This standard requires that the trial court's reasoning not be disturbed unless it was "unreasonable, arbitrary or unconscionable," because the trial judge is best equipped to determine and weigh the

8.

credibility of the proffered testimony. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} In its decision, the juvenile court found,

> After reviewing the record, the Court finds Father's objection unpersuasive. Indeed, the Magistrate clearly ordered [in 2017] that Father provide documentation that his mental health issues have been stabilized for at least six months. Although the court commends Father for providing evidence that he was recently seen by a psychiatrist, the doctor also noted that it was only the first time evaluating Father. Accordingly, Father must continue to be evaluated by his psychiatrist for, at least, another six months before the Court will allow parenting time between Father and the minor child. As for psychiatric evaluations for the minor child, custodians [H.F. and A.F.] may choose to allow the minor child to be seen by Father's psychiatrist; however, the Court makes no such order to do so at this time. Based on the foregoing, Father's objection is denied.

{¶ 13} On appeal, father argues that the trial court abused its discretion in denying his request for parenting time. He claims that H.P. Jr.'s best interests would be served by "allowing [H.P. Jr.] the opportunity to develop a relationship with his natural father and allow [father] the opportunity to have a relationship with his natural son." Father points

9.

to his "stable income" and the fact that he owns his own home just "four blocks from [H.P. Jr.]" as factors supporting visitation.

{¶ 14} In applying the best interest factors, the trial court clearly afforded the most weight to R.C. 3109.051(D)(9), regarding father's mental health. Given father's long-standing history of unaddressed mental health issues, we see no abuse of discretion by the trial court in placing more weight on that factor than the others. Indeed, a trial court has discretion in determining which best interest factors are relevant, and "each factor may not necessarily carry the same weight or have the same relevance, depending upon the facts before the trial court." (Quotations and internal citations omitted.) *Haldy v. Hoeffel*, 3d Dist. Henry No. 7-19-08, 2020-Ohio-975, ¶ 32. The record also supports the court's consideration of R.C. 3109.051(D)(1), regarding father and son's "prior interaction and interrelationship." According to LCCS, H.P. Jr. was "fearful of [father] and has not had visitation [with him] in several years."

{¶ 15} The record supports that the trial court considered R.C. 3109.051(D) through its independent review of the magistrate's decision. That is, in deciding whether to grant father's motion to modify parenting time, the trial court considered whether the request was appropriate and in H.P. Jr.'s best interest by weighing the relevant statutory factors under R.C. 3109.051(D). After our review of the record, we cannot say that the trial court's balancing of those factors or its application of the weight assigned to each factor was arbitrary, unreasonable, or unconscionable.

10.

## IV.    Conclusion

{¶ 16} For the reasons expressed above, we find that the juvenile court's decision to deny father's motion was not an abuse of discretion, and therefore we find that father's assignment of error is without merit.  The May 10, 2021 judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed.  Pursuant to App.R. 24, costs of this appeal are assessed to father.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

_____
JUDGE

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.