[Cite as *State v. Kocsis*, 2023-Ohio-4827.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 23CA0050-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRIAN M. KOCSIS | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 21TRC02960 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant, Brian Kocsis, appeals from the judgment of the Medina Municipal Court. This Court affirms.

I.

**Relevant Background**

{¶2} In 2022, Mr. Kocsis was convicted of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1). Mr. Kocsis was sentenced to a three-year license suspension with eligibility for driving privileges subject to the utilization of an ignition interlock device ("IID"). On April 15, 2023, Mr. Kocsis submitted a breath sample into the IID with a prohibited level of alcohol on his breath, which prevented his vehicle from starting. The State alerted the trial court of this violation, and the trial court issued a judgment entry regarding the ignition lock violation. In so doing, the trial court imposed the following sanctions: (1) continuous

alcohol monitoring; (2) increase in period of time for license suspension; and (3) increase in period of time for limited driving privileges conditioned on use of IID.

{¶3} Mr. Kocsis appealed, pursuant to R.C. 4510.46(C)(6), and moved to stay the sanctions. The trial court granted Mr. Kocsis' motion for stay and, in accordance with R.C. 4510.46(D), conducted an evidentiary hearing. Prior to the hearing, the trial court explained:

> The [May 1, 2023] judgment entry also spelled out in detail the specific issue for determination here this afternoon. The [c]ourt is required this afternoon to examine only whether a preponderance of the evidence shows that the ignition interlock device violation alleged in the prior judgment entry did, in fact, occur. That is the sole issue for determination here this afternoon. If the [c]ourt finds by a preponderance of the evidence that it did occur, then the sanctions in the prior ignition interlock device violation order go into effect, and if it does not so find, then those sanctions do not go into effect.

Following the hearing, the trial court determined by a preponderance of the evidence an ignition lock violation had occurred on the date in question. Thus, the trial court entered judgment against Mr. Kocsis and reimposed the sanctions from its previous order.

{¶4} Mr. Kocsis now appeals raising one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF [MR. KOCSIS] WHEN IT FOUND BY A PREPONDERANCE OF THE EVIDENCE THAT AN IGNITION INTERLOCK VIOLATION OCCURRED ON APRIL 15, 2023, WHEN [MR. KOCSIS] SUBMITTED A BREATH SAMPLE INTO THE INTERLOCK DEVICE AND THE DEVICE REGISTERED A PROHIBIITED AMOUNT OF ALCOHOL IN THE SAMPLE DESPITE THE DEVICE NOT BEING AN APPROVED BREATH TESTING DEVICE AND NOT BEING ABLE TO DISTINGUISH BETWEEN ETHANOL IN DEEP LUNG AIR AND A CONTAMINANT.**

{¶5} In his sole assignment of error, Mr. Kocsis argues the trial court erred in finding, by a preponderance of the evidence, the April 15, 2023 ignition interlock violation occurred when Mr. Kocsis submitted a breath sample and the device registered a prohibited amount of alcohol.

{¶6}    Pursuant to R.C. 4510.46(D):

Any motion that is filed under division (C)(6) of this section within the fourteen-day period shall be considered to be filed in a timely manner, and any such motion that is filed after that fourteen-day period shall be considered not to be filed in a timely manner. If the offender files a timely motion, the court may hold a hearing on the matter. The scope of the hearing is limited to determining whether the offender in fact was prevented from starting a motor vehicle that is equipped with a certified ignition interlock device because the offender committed an ignition interlock device violation.

If the court finds by a preponderance of the evidence that the violation did occur, it may deny the offender's appeal. If the court finds by a preponderance of the evidence that the violation did not occur, it shall grant the offender's appeal and shall issue an order terminating the increase of the offender's suspension.

{¶7}    Here, Dusty Harris, an employee of Intoxalock, the company responsible for the installation, maintenance, and monitoring of Mr. Kocsis' IID, testified she reviewed the Intoxalock records from April 15, 2023, and at 12:47:07 p.m., there is a photo of Mr. Kocsis providing a breath sample. Ms. Harris further testified the report indicates "failed breath alcohol event[,]" with a .027 alcohol reading. Ms. Harris explained the guidelines state the client "is supposed to provide a follow-up sample within six minutes, and there is no follow-up breath sample within six minutes of this failed reading." Ms. Harris also verified Mr. Kocsis, as of the date of the hearing, was using the same IID unit which shows it had not been replaced "due to any type of malfunction." Additionally, Ms. Harris testified the records do not show any type of malfunction or error readings from Mr. Kocsis' device. During cross-examination, Ms. Harris admitted the IID cannot distinguish between alcohol and a mouth contaminant. However, Ms. Harris explained if a person rinses their mouth with water and retests, the levels will drop. Specifically, Ms. Harris stated: "[s]o if they rinse their mouth with water, [] that level would drop[,] * * * it would drop quickly."

{¶8}    Mr. Kocsis testified on his own behalf and denied consuming any alcohol on April 15, 2023. Mr. Kocsis also indicated he did not know the guidelines required he provide a follow-

up breath sample within six minutes of a failed sample. However, prior to this testimony, Mr. Kocsis stated:

* * *

My appointment was at 1:00 [p.m.] When it said "failed," you know, my girlfriend, which you can't see, she's, you know, in the truck there, and I was driving there and it said "failed," and I said "I don't have time for this," and she's like "I'll drive," so I said "okay."

I didn't think of anything of retesting or waiting. I had to be there by 1:00.

* * *

The trial court questioned Mr. Kocsis regarding the discrepancy in his testimony about his knowledge of re-testing and Mr. Kocsis again denied knowing he needed to submit a follow-up breath sample within six minutes of receiving a failed result.

{¶9}    In finding an IID violation, in fact, occurred on April 15, 2023, the trial court stated:

The [c]ourt has reviewed the evidence submitted and the standard under R.C. 4510.46 governing this appeal. The [c]ourt has also reviewed the laws and regulations applicable to IID's authorized for use in the State of Ohio. R.C. 4510.43; Ohio Adm. Code 4501-45-01 et seq.; NHTSA "Model Specifications for Breath Alcohol Ignition Interlock Devices []," [] and the Ohio Department of Health [] list of IID [d]evices approved for use in the State of Ohio * * * .

The Court finds by a preponderance of the evidence that the certified IID installed in [Mr. Kocsis'] vehicle prevented that vehicle from starting on 4/15/23 at 12:47:07 p.m. because the IID's analysis of [Mr. Kocsis'] deep-lung breath sample or other method employed by the IID to measure the concentration by weight of alcohol in [Mr. Kocsis'] breath indicated the presence of alcohol in his breath in a concentration sufficient to prevent the IID from permitting the vehicle to be started. * * *

{¶10}  As this Court has stated, a preponderance of the evidence "entails the 'greater weight of the evidence,' evidence that is more probable, persuasive, and possesses greater probative value." *Davis v. KB Compost Servs*., 9th Dist. Summit No. 21186, 2002-Ohio-7000, ¶ 10, quoting *State v. Williams*, 5th Dist. Knox No. 01 CA 24, 2002–Ohio–4267, ¶ 13. Moreover,

"evidential weight concerns the inclination of the greater amount of credible evidence, offered at trial, to support one side of the issue rather than the other. * * * If, on weighing the evidence, the trier of fact finds the greater amount of credible evidence sustains the issue that a party seeks to establish, that party will be entitled to its verdict." *In re M.F.*, 9th Dist. Lorain No. 15CA010823, 2016-Ohio-2685, ¶ 8 , quoting *In re G.J.D.*, 11th Dist. Geauga No. 2009-G-2913, 2010-Ohio-2677, ¶ 71, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶11} Based upon our review of the record, we cannot say the trial court erred in determining, by a preponderance of the evidence, Mr. Kocsis was prevented from starting his motor vehicle on April 15, 2023, equipped with a certified IID, because Mr. Kocsis committed an IID violation. Specifically, Ms. Harris' testimony, and the supporting evidence, supported the trial court's conclusion that Mr. Kocsis, by a preponderance of the evidence, committed an IID violation on April 15, 2023.

{¶12} Accordingly, Mr. Kocsis' assignment of error is overruled.

III.

{¶13} Mr. Kocsis' sole assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

DAVID SHELDON, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.