[Cite as *Giovanini v. Bailey*, 2018-Ohio-369.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MATTHEW GIOVANINI

    Appellant

    v.

AMANDA BAILEY

    Appellee

C.A. Nos.    28631
                28676

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2014-11-3084

DECISION AND JOURNAL ENTRY

Dated: January 31, 2018

TEODOSIO, Judge.

{¶1} Matthew J. Giovanini appeals the judgment entered by the Summit County Court of Common Pleas Domestic Relations Division on April 12, 2017, ruling on objections to the magistrate's decision and designating Amanda Bailey as the primary residential parent and legal custodian of their child. We affirm.

I.

{¶2} In November 2014, Mr. Giovanini filed a complaint for parentage, allocation of parental rights and responsibilities, and parenting time with regard to a child of which he was the biological father and Amanda K. Bailey was the biological mother. The couple had never been married. A hearing was held before the magistrate on December 16, 2015, January 20, 2016, and February 23, 2016. Prior to the magistrate issuing a decision, Mr. Giovanini filed a motion to reopen the proceedings, alleging that a substantial change in circumstances had occurred after the adjournment of the proceedings in February. The motion was set for hearing.

{¶3} On October 6, 2016, the magistrate issued a decision establishing a parent-child relationship between Mr. Giovanini and the child, and designating Ms. Bailey as the primary residential parent and legal custodian of the child and as the medical decision maker for the child. The decision also established parenting time and child support, and determined that the child's surname remain "Bailey." Mr. Giovanini filed his objections to the magistrate's decision, and the magistrate cancelled the hearing that had been set on his motion to reopen the proceedings, noting that the magistrate's decision was currently under objection.

{¶4} On April 12, 2017, the trial court ruled on the objections to the magistrate's decision, with the journal entry establishing a parent-child relationship between Mr. Giovanini and the child, designating Ms. Bailey as the primary residential parent and legal custodian of the child and as the medical decision maker for the child, and establishing parenting time and child support. Three of Mr. Giovanini's fifteen objections were sustained, with the trial court modifying the magistrate's decision by changing the child's surname to Giovanini, awarding the dependent tax exemption to Mr. Giovanini, and dividing court costs evenly. On May 10, 2017, Mr. Giovanini appealed the judgment to this Court, raising four assignments of error under the 28631 case number.

{¶5} On May 12, 2017, Ms. Bailey filed a motion for clarification regarding summer parenting time and for injunctive relief. The trial court ruled on the motion on June 1, 2017, with Mr. Giovanini appealing the order to this Court on June 14, 2017, raising one assignment of error under the 28676 case number. The two appeals have been consolidated for our review.

II.

{¶6} We note that for the purposes of clarity Mr. Giovanini's single assignment of error under case number 28676 has been renumbered as assignment of error five.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS FINDING THAT THE MINOR CHILD'S BEST INTEREST[] IS FOR AMANDA TO BE THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE CHILD AND IN ITS ORDER DESIGNATING AMANDA AS THE PRIMARY RESIDENTIAL PARENT AND LEGAL CUSTODIAN AUTHORIZED TO MAKE ALL MEDICAL DECISIONS FOR THE CHILD EXCEPT IN CASES OF EMERGENCY.

{¶7} In his first assignment of error, Mr. Giovanini argues the trial court abused its discretion in finding that it was in the best interest of the child for Ms. Bailey to be the residential parent and legal custodian and in designating Ms. Bailey as the primary residential parent and legal custodian authorized to make all medical decisions for the child except in cases of emergency. We disagree.

{¶8} "When allocating parental rights and responsibilities, the court must take into account the best interest of the children." *Bentley v. Rojas*, 9th Dist. Lorain No. 10CA009776, 2010–Ohio–6243, ¶ 19, citing R.C. 3109.04(B)(1). In determining the best interest of the children for purposes of allocating parental rights and responsibilities, a court must consider the factors listed in R.C. 3109.04(F)(1). *Patton v. Hickling–Patton*, 9th Dist. Medina No. 13CA0071–M, 2014–Ohio–2862, ¶ 8. Those factors include: (1) the wishes of the children's parents; (2) the wishes of the children, if the court interviews the children; (3) the children's interaction and interrelationship with their parents, siblings, and anyone else who may significantly affect their best interest; (4) the children's adjustment to home, school, and community; (5) the mental and physical health of all persons involved; (6) the parent more likely to honor and facilitate court-approved parenting time rights; (7) whether either parent has failed to make child support payments; (8) whether either parent or any household member previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in

a child being an abused child or a neglected child; (9) whether one of the parents has continuously and willfully denied the other's right to parenting time; and (10) whether either parent has established a residence, or is planning to establish a residence, outside Ohio. R.C. 3109.04(F)(1)(a)-(j).

{¶9} "A trial court possesses broad discretion with respect to its determination of the allocation of parental rights and responsibilities, and its decision will not be overturned absent an abuse of discretion." *Kokoski v. Kokoski*, 9th Dist. Lorain No. 12CA010202, 2013–Ohio–3567, ¶ 26. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). "[A] trial court's determination in custody matters 'should be accorded the utmost respect' because '[t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.'" *Baxter v. Baxter*, 9th Dist. Lorain No. 10CA009927, 2011-Ohio-4034, ¶ 6, quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74.

{¶10} While a trial court's decision regarding allocation of parental rights will not be overturned absent an abuse of discretion, an appellate court reviews the trial court's factual findings under a manifest weight of the evidence standard. *See Wallace v. Wallace*, 195 Ohio App.3d 314, 2011–Ohio–4487, ¶ 10 (9th Dist.). "[B]efore an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. Only in the

exceptional case, where the evidence presented weighs heavily in favor of the party seeking reversal, will the appellate court reverse." *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002–Ohio–2320, ¶ 10. Manifest weight of the evidence pertains to the burden of persuasion. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, ¶ 19. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id*. at ¶ 21.

{¶11} Mr. Giovanini contends that the trial court did not consider all relevant factors under R.C. 3109.04(F)(1), which he specifically identifies as the mental health of Ms. Bailey, the testimony and recommendation of the guardian ad litem, and Ms. Bailey's "lack of self-sufficiency." While "the mental and physical health of all persons involved" is one of the enumerated factors under R.C. 3109.04(F)(1), the testimony of a guardian ad litem and the issue of "self-sufficiency" are not specifically listed as factors. Rather, Mr. Giovanini's contention appears to be that the court failed to mention or overlooked certain evidence relating to the relevant factors when it determined the best interest of the child.

{¶12} With regard to the mental health of Ms. Bailey, Mr. Giovanini states:

> [T]he trial court clearly did not give consideration to [the] particular facts. Instead, the trial court arbitrarily found that [Ms. Bailey's] 'current mental health provider believes that she was misdiagnosed, and that receiving inappropriate psychotropic medication led to a psychiatric hospitalization.' That finding by the trial court is arbitrary and unconscionable because [Ms. Bailey] did not offer any evidence by a health care provider to support that finding.

Mr. Giovanni also contends that the trial court disregarded the testimony and report of the guardian ad litem. He comes to this conclusion because "[t]he only statement by the trial court pertaining to the [g]uardian is set forth in Decision No. 26 in which the Court states that '[t]he [m]agistrate acknowledged that the [guardian ad litem] had testified.'" Mr. Giovanini further

contends the trial court failed to consider Ms. Bailey's lack of employment and her dependency upon her parents.

{¶13} A trial court is not required to explicitly make findings of fact as to the factors under R.C. 3109.04(F)(1). *I.C.-R. v. N.R.*, 9th Dist. Summit No. 27671, 2016-Ohio-1329, ¶ 43. "While [R.C. 3109.04] does mandate consideration of each factor by the trial court, the court need not explicitly reiterate its findings with regard to those factors absent a Civ.R. 52 request for findings of fact and conclusions of law." *Matis v. Matis*, 9th Dist. Medina No. 04CA0025-M, 2005-Ohio-72, ¶ 6. "Instead, it must be apparent from the record that the trial court considered the best interest factors in its decision." *Phillips v. Phillips*, 9th Dist. Lorain No. 13CA010358, 2014-Ohio-248, ¶ 8. "[I]t is not necessary for the [trial] court to set forth its analysis as to each factor * * *." *Bunten v. Bunten*, 126 Ohio App.3d 443, 447 (3d Dist.1998).

{¶14} In the case now before us, the trial court did not specifically reference R.C. 3109.04(F)(1), however it stated that it considered "[t]he statutory factors which apply to this case" and it proceeded to enumerate its findings under each of the best interest factors. This included consideration of the physical and mental health of both Mr. Giovanini and Ms. Bailey under finding of fact 7(e), with the trial court noting that Ms. Bailey "was previously diagnosed with bi-polar disorder, but her current mental health provider believes that she was misdiagnosed, and that receiving inappropriate medication led to a psychiatric hospitalization." As Mr. Giovanini correctly notes, there was no expert testimony as to her diagnosis. However, the trial court is neither making nor confirming a diagnosis for Ms. Bailey; it is merely restating testimony given by Ms. Bailey, her mother, and the guardian ad litem. As such, the finding by the trial court is not against the manifest weight of the evidence, nor does it constitute an abuse of discretion.

**{¶15}** As Mr. Giovanini did not make a Civ.R. 52 request to the trial court for findings of fact and conclusions of law, the trial court was not obligated to explicitly address all of the statutory factors and all of the evidence relevant to the custody award. *See I.C.-R. v. N.R.* at ¶ 44. Moreover, the fact that the trial court did not specifically reference a particular fact in its entry is not evidence that it overlooked that fact. We note, however, that the trial court's journal entry: (1) specifically considers Mr. Giovanini's objection as to the magistrate's alleged failure to consider the testimony and report of the guardian ad litem; (2) acknowledges Mr. Giovanini's concerns about Ms. Bailey's dependency upon her parents; and (3) notes Ms. Bailey's lack of employment in sustaining Mr. Giovanini's third objection regarding the dependent tax exemption. Consequently, it appears the trial court did not fail to consider these issues.

**{¶16}** It is apparent from the record that the trial court considered the best interest factors under R.C. 3109.04(F)(1) in making its decision. We conclude the trial court did not abuse its discretion in finding that it was in the best interest of the child for Ms. Bailey to be the residential parent and legal custodian and in authorizing Ms. Bailey to make all medical decisions for the child except in cases of emergency.

**{¶17}** Mr. Giovanini's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION BY ITS FAILURE AND REFUSAL TO CONSIDER THE REPORT AND TESTIMONY OF THE GUARDIAN AD LITEM.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY ITS FAILURE TO CONDUCT AN INDEPENDENT REVIEW OF THE EVIDENCE AND PROCEEDINGS CONDUCTED BEFORE THE MAGISTRATE ON DECEMBER 16, 2015, JANUARY 20, 2016, AND FEBRUARY 23, 2016.

**{¶18}** In his second assignment or error, Mr. Giovanini argues the testimony of the guardian ad litem was "essentially disregarded by the trial court" and that the trial court did not conduct an independent review of the guardian ad litem's testimony. In his third assignment of error, Mr. Giovanini argues the trial court abused its discretion by failing to conduct an independent review of the evidence and proceedings. We disagree with both arguments.

**{¶19}** Civ.R. 53(D)(4)(d) provides: "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "The independent review that is required of the trial court has two components: (1) whether, with respect to the objected matters, the magistrate properly determined the factual issues before it, and (2) whether the magistrate appropriately applied the law to those factual determinations." *Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 14. "The independent review requirement of Civ.R. 53(D)(4)(d) * * * does not prohibit the trial court from deferring to the magistrate's resolution of credibility because the magistrate retains a superior position, as the trier of fact, to consider the demeanor of witnesses and evaluate their credibility." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 14.

**{¶20}** "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993). "Appellate courts thus presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d)." *Faulks v. Flynn*, 4th Dist. Scioto No. 13CA3568, 2014-Ohio-1610, ¶ 27. "Accordingly, a party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its Civ.R. 53(E) duty of independent analysis." *Freeman v. Freeman*, 9th Dist. Wayne No. 07CA0036, 2007-Ohio-6400,

¶ 53. "An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption." *In re Taylor G.*, 6th Dist. Lucas No. L-05-1197, 2006-Ohio-1992, ¶ 21.

**{¶21}** "[T]he mere fact the trial court did not cite any specific portion of a transcript or exhibit does not demonstrate the court failed to conduct an independent review of the objected matters as required by Civ.R. 53(D)(4)(d)." *In re G.C.*, 12th Dist. Butler Nos. CA2016-12-237, CA2016-12-238, CA2016-12-239, & CA2016-12-240, 2017-Ohio-4226, ¶ 18. "While citing such material would tend to demonstrate that the trial court conducted the requisite independent review, there is no requirement in Civ.R. 53(D)(4)(d) that the trial court do so." *Hampton v. Hampton*, 12th Dist. Clermont No. CA2007-03-033, 2008-Ohio-868, ¶ 17.

**{¶22}** With regard to his second assignment of error, Mr. Giovanini contends his argument is supported by the fact that the order of the trial court only briefly referred to the guardian ad litem when it overruled his seventh objection to the magistrate's decision, stating: "The Magistrate acknowledged that the Guardian ad Litem had testified." From this, Mr. Giovanini concludes the trial court did not conduct an independent review of the guardian ad litem's testimony. With regard to his third assignment of error, Mr. Giovanini contends that the statement by the trial court that "the Magistrate correctly made factual findings based on all of the evidence presented to her" is also indicative of an abuse of discretion. Mr. Giovanini further contends that the trial court's statement that the "mother terminated her employment prior to these proceedings to move with father to Arizona" is taken out of context by the trial court, and that this provides an example of the trial court's failure to conduct an independent review of the facts.

{¶23} These statements by the trial court are not facts that rebut our general assumption that the trial court conducted the required independent analysis. There is no requirement that a trial court must cite to a specific portion of the transcript or a specific exhibit, such as the guardian ad litem's testimony or report, and a failure to do so does not demonstrate the court failed to conduct an independent review of the objected matters. *See In re G.C.* at ¶ 18. Likewise, we cannot conclude that the trial court did not conduct an independent review simply because it did not discuss every conceivable characterization of the evidence. *See Brandon v. Brandon*, 3d Dist. Mercer No. 10-08-13, 2009-Ohio-3818, ¶ 35.

{¶24} Furthermore, the trial court's journal entry of June 13, 2017, ruling on objections and entering judgment directly states that the court considered the objections, pleadings, affidavits, transcript, and other documents in the record. The entry then goes on to make fifteen findings of fact. The trial court addresses each of Mr. Giovanini's objections separately, and sustains objections two, three, and fifteen, thereby modifying the decision of the magistrate. The trial court specifically references parts of the record, including the magistrate's decision, the memorandum filed by Mr. Giovanini, and Court Exhibit 2. These facts all support this Court's presumption that the trial court conducted an independent review.

{¶25} Mr. Giovanini provides us with no clear evidence that the trial court failed to conduct an independent review, and likewise, there is nothing in the trial court's journal entry that indicates it did not conduct an independent review of the testimony. He has therefore failed to demonstrate that the trial court did not conduct an independent review of the magistrate's decision.

{¶26} Mr. Giovanini's second and third assignments of error are overruled.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ABUSED ITS DISCRETION BY ITS FAILURE AND REFUSAL TO RE[]OPEN THE TRIAL OF THIS CASE TO HEAR ADDITIONAL EVIDENCE PERTAINING TO AMANDA'S CHANGE OF CIRCUMSTANCES THAT OCCURRED AFTER FEBRUARY 23, 2016.

{¶27} In his fourth assignment of error, Mr. Giovanini argues the trial court erred by not reopening the proceedings to hear additional evidence on alleged changes of circumstances with regard to Ms. Bailey that occurred after the close of the February 2016 hearing. We disagree.

{¶28} "A determination by a trial court whether to reopen a record for the submission of further evidence rests within the sound discretion of the court." *Askin v. Askin*, 10th Dist. Franklin No. 94APF05-720, 1995 Ohio App. LEXIS 313, *20, citing *Pyle v. Pyle*, 11 Ohio App.3d 31, 37 (8th Dist.1983). *See also Ketcham v. Miller*, 104 Ohio St. 372 (1922), paragraph three of the syllabus; *Nozik v. Mentor Lagoons*, 11th Dist. Lake No. 93-L-057, 1994 Ohio App. LEXIS 1957, *6; *Schindler v. Schindler*, 3d Dist. Defiance No. 4-88-18, 1990 Ohio App. LEXIS 3583, *11. Such a decision "will not be disturbed in the absence of abuse of discretion." *Pyle* at 37. This corresponds to the sound principle that "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus; *see also Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 17.

{¶29} An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶30} Mr. Giovanini's motion, unaccompanied by affidavit, alleged that Ms. Bailey changed her residence, married, became pregnant, was no longer enrolled as a nursing student, and was unemployed. The trial court stated that even if the allegations in support of the motion were proven, it would not change the decision of the trial court.

{¶31} The decision whether to reopen the proceedings for additional evidence was within the sound discretion of the trial court. We conclude that the decision of the trial court was not unreasonable, arbitrary, or unconscionable, and therefore it was not an abuse of discretion for the trial court to deny Mr. Giovanini's motion to reopen the trial.

{¶32} Mr. Giovanini's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY CONDUCTING AN EVIDENTIARY HEARING ON MAY 25, 2017, ON AMANDA'S MOTION FOR CLARIFICATION OF MATTHEW'S SUMMER VISITATION WITH BENJAMIN AND IN ITS ORDER MODIFYING MATTHEW'S SUMMER VACATION WITH BENJAMIN SET FORTH IN THE ORDER DATED APRIL 12, 2017.

{¶33} In his fifth assignment of error, Mr. Giovanini argues the trial court did not have jurisdiction to conduct a hearing on Ms. Bailey's motion for clarification because he had filed a notice of appeal prior to the filing of her motion. He contends that, as a result, the June 1, 2017, order of the trial court is void and of no legal effect. We disagree.

{¶34} As a general rule, courts will not resolve issues which are moot. *Miner v. Witt*, 82 Ohio St. 237 (1910) syllabus. "The doctrine of mootness is rooted both in the 'case' or 'controversy' language of Section 2, Article III[,] of the United States Constitution and in the general notion of judicial restraint." (Citations omitted.) *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991).

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the [appellee], an event occurs which renders it impossible for this court, if it should decide the case in favor of the [appellants], to grant [them] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.

*Frank Novak Sons, Inc. v. Avon Lake Bd. of Edn.*, 9th Dist. Lorain No. 01CA007835, 2001 Ohio App. LEXIS 5359, *2-3 (Dec. 5, 2001), quoting *Miner* at 238.

**{¶35}** There are, however, exceptions to the mootness doctrine. An appellate court may consider a moot appeal where it finds that the issues raised are capable of repetition yet evade review. *State ex rel. Bona v. Village of Orange*, 85 Ohio St.3d 18, 21 (1999). "This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 64 (2001). In addition, a court may consider the appeal if the appeal concerns a matter of public or great general interest. *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 14 (1989).

**{¶36}** With regard to Mr. Giovanini's fifth assignment of error, there is no remedy this Court could grant that would affect the matter at issue before us. Even if this Court were to agree with Mr. Giovanini that the June 1, 2017, order of the trial court was void and of no legal effect, it would have no consequence as the order was limited in its applicability to the year 2017, and that year has now passed. Therefore an order reversing or affirming the decision of the trial court would be a vain act. Accordingly, we conclude that the issue before us is moot. We also conclude that neither of the exceptions to the doctrine of mootness applies. This is not

an issue that concerns a matter of public or great general interest, and there is not a reasonable expectation that Mr. Giovanini will be subject to the same action again.

**{¶37}** Mr. Giovanini's fifth assignment of error is moot.

### III.

**{¶38}** Mr. Giovanini's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas Domestic Relations Division is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ARTHUR AXNER, Attorney at Law, for Appellant.

TODD A. MAZZOLA and LISA CAREY DEAN, Attorneys at Law, for Appellee.