[Cite as *In re S.M.*, 2021-Ohio-50.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: S.M.

C.A. No.     29695

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 18 06 0513

DECISION AND JOURNAL ENTRY

Dated: January 13, 2021

SCHAFER, Judge.

{¶1}    Appellant, J.W. ("Father"), appeals from an order of the Summit County Court of Common Pleas, Juvenile Division, that placed his minor child in the legal custody of a maternal aunt ("Aunt") under an order of protective supervision by Summit County Children Services Board ("CSB").  While this appeal was pending, the child was removed from Aunt's home and returned to the custody of CSB.  This Court dismisses the appeal for the reasons below.

I.

{¶2}    Father is the biological father of S.M., born April 30, 2004.  The child's mother has been deceased for several years.

{¶3}    After the death of S.M.'s mother, Aunt was named the child's legal guardian through a probate court proceeding.  S.M. resided with Aunt for approximately five years before this case began.

{¶4} On July 7, 2018, CSB filed its complaint in this case. S.M. was removed from Aunt's custody and was later adjudicated a dependent child because of the child's serious behavioral problems, including a recent suicide attempt and psychiatric hospitalization, and Aunt's unwillingness and/or inability to maintain the child in her home.

{¶5} Father's paternity was established during this case. He worked on case plan goals including developing a parent-child relationship with S.M. Ultimately, Father and Aunt each moved for legal custody of S.M. and the matter proceeded to a hearing on the competing dispositional motions. Following a hearing before a magistrate, S.M. was placed in the legal custody of Aunt under an order of protective supervision by CSB.

{¶6} Father filed objections to the magistrate's decision. On February 1, 2020, the trial court overruled Father's objections and placed S.M. in the legal custody of Aunt under an order of protective supervision. Father appeals from the February 1 order and raises two assignments of error.

{¶7} Initially, this Court must determine whether it has authority to address the merits of Father's appeal. To begin with, "Article IV, Section 3(B)(2) of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts." *In re T.P.*, 9th Dist. Summit No. 27539, 2015-Ohio-3448, ¶ 9. Although this Court has long recognized that a judgment placing a child in the legal custody of a relative constitutes a final, appealable order, it has never explicitly addressed whether a legal custody order is final and appealable if that order is coupled with an order of protective supervision by the agency. *See*, *e.g.*, *In re S.D.*, 9th Dist. Summit No. 29415, 2020-Ohio-3267.

{¶8} An award of legal custody, standing alone, "is intended to be permanent in nature" and typically terminates the ongoing involvement of the children services agency and the juvenile

court. *See, e.g.,* R.C. 2151.42(B); R.C. 2151.417(C)(3). In this case, however, the trial court also imposed an order of protective supervision with the legal custody disposition.

{¶9} An order of protective supervision is not imposed at the conclusion of a juvenile case because it requires continuing involvement and review by the juvenile court and the children services agency. For example, the agency must continue to offer case plan services for the child; review the case plan and its effectiveness periodically and determine whether changes should be made; and the trial court must continue to conduct regular review hearings while a child is under protective supervision. *See*, *e.g*., Ohio Adm.Code 5101:2-38-10(B); Ohio Adm.Code 5101:2-38-09(A)(3); Ohio Adm.Code 5101:2-40-02(C) and (D); R.C. 2151.417(C)(3)(a).

{¶10} Aside from a potential finality problem, the February 1 legal custody disposition appealed by Father is no longer a live controversy. No one disputes that, less than two months after Father appealed, S.M. was again removed from Aunt's custody and placed in the emergency temporary custody of CSB. CSB presented this Court with journal entries to demonstrate that the child's adjudication had changed. The trial court found that S.M. had not been complying with her mental health treatment, was again exhibiting serious behavioral problems, and Aunt was unable or unwilling to provide an ongoing placement for the child. The trial court also found that Father's contact with S.M. had been detrimental to her. Therefore, the trial court denied Father's alternative request for temporary custody of S.M. and placed her in the emergency temporary custody of CSB.

{¶11} The parties do not challenge the trial court's authority to remove S.M. from Aunt's custody, nor do they dispute that S.M. no longer resides with Aunt but is back in the custody of CSB. Father has not challenged the trial court's denial of his alternative request to place the child in his temporary custody. Moreover, a temporary custody disposition is not a final and appealable

order unless it immediately follows the initial adjudication of the child, as the initial adjudication may never be relitigated. *See In re Murray*, 52 Ohio St.3d 155 (1990), syllabus; *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840; R.C. 2151.011(B)(55) (Temporary custody is a disposition that "may be terminated at any time at the discretion of the court[.]").

{¶12} This Court's role is to decide only "actual controversies" that "can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Giovanini v. Bailey*, 9th Dist. Summit Nos. 28631 and 28676, 2018-Ohio-369, ¶ 34. If, while an appeal is pending, an event occurs that renders it impossible for this Court to provide any effective relief to the appellant, this Court will dismiss the appeal as moot. *Id.*

{¶13} Because the trial court subsequently removed S.M. from the legal custody of Aunt, its February 1 order is no longer in effect. Consequently, this Court cannot provide Father with the relief he seeks even if it were to find merit in his arguments. The appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID M. LOWRY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.