[Cite as *In re R. Children*, 2023-Ohio-2144.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: THE R CHILDREN
:
:
:

APPEAL NO. C-220561
TRIAL NO. F19-600X

*O P I N I O N.*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 28, 2023

*Kimberly V. Thomas*, for Appellant Mother,

*Mark W. Fidler*, for Appellee Grandfather,

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Janice H. Barr*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Sarah A. Barlage*, Attorney for the Guardian Ad Litem for the R Children.

**WINKLER, Judge.**

{¶1} Mother appeals the Hamilton County Juvenile Court's judgment awarding legal custody of her children, A.R.1 and A.R.2, (collectively, "R Children") to their maternal grandfather ("Grandfather") after several years in temporary custody and allowing the parties to work out visitation among themselves. Because the juvenile court did not err in determining the best interest of the children, we affirm its judgment.

## Facts and Procedural History

{¶2} In 2019, the Hamilton County Department of Job and Family Services ("HCJFS") sought and obtained emergency temporary custody of the R Children. The juvenile court adjudicated the R Children neglected and dependent and placed them in the temporary custody of HCJFS.

{¶3} Over the next two years, several motions to place the R Children with relatives and family followed. The R Children's maternal grandmother initially petitioned for legal custody but later withdrew. A.R.1's father engaged in supervised visits but did not petition for legal custody. A.R.2's father initially petitioned for legal custody, but the juvenile court denied his request because he did not engage in case-plan services, visit his daughter, or involve himself in parenting. Neither father is actively involved with the children.

{¶4} HCJFS developed a case plan for Mother, and she made progress. Mother has secured a stable work schedule, income, and housing. Mother has attended drug rehabilitation, completing some steps of the program, but was slow to engage in drug rehabilitation, and relapsed once. Mother visited with the children during this period under supervision of Grandfather and at the Family Nurturing Center. However, Mother's visitation

2

has been inconsistent, and she remains at the supervised level of visitation. Mother has also been attending therapy and taking medication for her mental health and intends to continue to do so.

{¶5} In May 2022, Grandfather petitioned for legal custody while Mother petitioned for a remand of custody. The magistrate determined that awarding legal custody to Grandfather was in the best interests of the R Children and left the parents and Grandfather to continue to arrange visitation on their own. Mother filed objections with the juvenile court, but she did not object to the collaborative visitation schedule. The juvenile court overruled the objections, adopted the magistrate's decision, and entered a judgment awarding legal custody of the R Children to Grandfather.

{¶6} Mother now appeals, raising two assignments of error for review, challenging the court's best-interest determination and its failure to specify a visitation schedule.

## Analysis

### *Best-Interest Determination*

{¶7} In Mother's first assignment of error, Mother argues the juvenile court's finding that it was in the best interest of the children to grant legal custody to Grandfather was not supported by sufficient evidence and was against the manifest weight of the evidence. We review a juvenile court's grant of legal custody for an abuse of discretion and determine whether the court's best-interest determination is supported by competent and credible evidence. *In re D.Z.F.*, 1st Dist. Hamilton No. C-200260, 2020-Ohio-5246, ¶ 20, citing *In re E.B.*, 1st Dist. Hamilton No. C-190050, 2019-Ohio-3943, ¶ 13, and *In re F.B.D.*, 1st Dist. Hamilton No. C-180356, 2019-Ohio-2562, ¶ 11.

3

**{¶8}** When deciding whom to award legal custody, the "juvenile court should base its determination on the best interest of the child." *In re F.B.D.* at ¶ 11. As opposed to permanent custody, the legal-custody version of the best-interests inquiry does not require the court to consider any specific, statutorily-mandated factors. *See In re A.W. and T.W.*, 1st Dist. Hamilton No. C-140142, 2015-Ohio-489, ¶ 8. Nevertheless, this court has held the best-interest factors in R.C. 3109.04(F)(1) and 2151.414(D) are instructive. *In re F.B.D.* at ¶ 12. Because the factors are instructive and not mandatory, the juvenile court does not have to make specific findings on each factor. *In re A.M.*, 166 Ohio St.3d 127, 2020-Ohio-5102, 184 N.E.3d 1, ¶ 31.

**{¶9}** The magistrate's decision and the juvenile court's judgment entry show a consideration of multiple nonmandatory statutory best-interest factors. Under both R.C. 2151.414(D)(1)(a) and 3109.04(F)(1)(c), the interrelationship of the children with siblings and caregivers is relevant. The magistrate considered this by saying "both children were bonded to each other, to their Grandfather and his fiancée, and to the other family members in the home." Additionally, R.C. 3109.04(F)(1)(d) lists as a factor the children's adjustment to the home and R.C. 2151.414(D)(1)(d) lists the children's need for a legally secure placement as factors. The magistrate noted both A.R.1 and A.R.2 are happy, doing well in the home, and in a stable environment, and that their needs are met. The magistrate did not abuse her discretion when her best-interest determination was supported by competent and credible evidence concerning multiple statutory best-interest factors.

**{¶10}** Mother argues the magistrate overly focused on the parents and not the children, but this is not an abuse of discretion by the magistrate.

4

Rather, it shows the magistrate considered the parents' role in ensuring the children's best interest under the best-interest factors. *See In re A.M.Z.*, 1st Dist. Hamilton Nos. C-190292, C-190317 and C-190326, 2019-Ohio-3499, ¶ 9 (noting failures to complete case-plan services, among other things, suggests the parents are unable to provide a legally secure permanent placement). More directly, Mother's ability to honor and facilitate court-appointed visitation is also a factor under R.C. 3109.04(F)(1)(f) and her engagement with case-plan services goes to that factor. The parents' history with drug and alcohol abuse and efforts in recovery are relevant under R.C. 2151.414(D)(1)(e) and (E)(9). Thus, the magistrate conducted a proper best-interest analysis, including consideration of multiple statutory factors, and supported it with competent and credible evidence. Thus, the award of legal custody was supported by both the sufficiency and the weight of the evidence.

{¶11} Mother also questions the juvenile court's independent review of the magistrate's best-interest determination. When the record indicates that a juvenile court, in response to timely-filed objections, has undertaken an independent review of the record, has acknowledged the applicable statutory framework, has adopted the magistrate's findings of fact, and has made the required conclusions upon clear and convincing evidence, we can only conclude that the court has satisfied its obligations under Juv.R. 40(D)(4)(d). *In re A.M.*, 166 Ohio St.3d 127, 2020-Ohio-5102, 184 N.E.3d 1, at ¶ 40. Here, the juvenile court stated it had independently reviewed the record, the written argument on Mother's objections, and considered all relevant factors, including R.C. 2151.414(D)(1) and 3109.04(F)(1), in its determination of the R Children's best interest. Although the juvenile court did not restate factual findings from

the magistrate's decision, it did hold that the magistrate properly determined the factual issues after viewing the witnesses' demeanors and judging their credibility, and it adopted the magistrate's decision as its own. The fact that the juvenile court did not cite any specific part of the transcript or record does not demonstrate that the court did not conduct an independent review of the objected to matters. *Id.* at ¶ 39, citing *Giovanni v. Bailey*, 9th Dist. Summit Nos. 28631 and 28676, 2018-Ohio-369, ¶ 21 (applying the analogous Civ.R. 53(D)(4)(d)). Thus, the juvenile court's review of the magistrate's decision was proper.

### *Visitation*

{¶12} In Mother's second assignment of error, Mother argues the juvenile court erred when it failed to specify a schedule for visitation. Here, we review for plain error because Mother waived all grounds of appeal except plain error when she did not raise the issue of visitation before the magistrate or when she filed objections to the magistrate's decision with the juvenile court. Juv.R. 40(D)(3)(b)(ii); *In re H.J.H.*, 1st Dist. Hamilton No. C-200071, 2020-Ohio-3160, ¶ 7. Plain error in civil cases is rare and is only employed by the court in instances in which "the error complained of 'would have a material adverse [e]ffect on the character and public confidence in judicial proceedings.'" *In re I.W.*, 1st Dist. Hamilton No. C-180095, 2019-Ohio-1515, ¶ 14, quoting *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223, 480 N.E.2d 802 (1985), quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209, 436 N.E.2d 1001 (1982).

{¶13} There was no plain error concerning visitation. A parent who has lost legal custody of a child because the child was adjudicated abused,

neglected, or dependent, but whose parental rights have not been terminated, retains residual parental rights, including the "privilege of reasonable visitation." R.C. 2151.353(A)(3)(c). R.C. Chapter 2151 does not address visitation and multiple districts have held that the statute does not require the reasonable-visitation order to be specific. *In re C.A.*, 12th Dist. Butler No. CA2014-07-165, 2015-Ohio-1410, ¶ 29; *In re C.J.*, 4th Dist. Vinton No. 10CA681, 2011-Ohio-3366, ¶ 15. Thus, the juvenile court did not commit plain error by failing to specify visitation when it was under no obligation to do so.

{¶14} Mother's argument that the court must mandate a visitation schedule because at some point in the future, Grandfather might slowly start denying visitation and leave Mother with no recourse is speculative. While courts have explicitly mandated a visitation schedule when parents are hostile to each other, courts have also left the visitation schedule to the parties where the guardian has shown an ability to facilitate the parents' visitation. *Contrast In re K.D.*, 9th Dist. Summit No. 28459, 2017-Ohio-4161, ¶ 28 (requiring a specific visitation order because of long-term hostility between parents) *with In re C.A.* at ¶ 29 (upholding a juvenile court's judgment permitting parties to arrange reasonable visitation on their own where the parties were cooperative). Here, Mother, Grandfather and his fiancée are cooperative and friendly, have successfully arranged multiple community visits with both children and Mother and with A.R.1 and A.R.1's father. Mother testified that she had no cause for concern during those supervised visits. Thus, the court did not commit plain error in allowing the parties to work out visitation among themselves.

## Conclusion

**{¶15}** Having overruled both assignments of error, we affirm the judgment of the juvenile court.

Judgment affirmed.

**ZAYAS**, **P.J.**, and **BOCK**, **J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.